### 15792.    KNIGHT *v.* RICHIE.

BROYLES, C. J. It is well settled that where the court directs a verdict, and the motion for a new trial by the losing party contains only the usual general grounds, the judgment of the trial court, overruling the motion for a new trial, will be affirmed, if there is any evidence in the record authorizing the verdict directed. Under this ruling and the facts of the instant case, the judgment below is

*Affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 13, 1924.

Complaint; from Pulaski superior court—Judge Graham. April 19, 1924.

*W. A. Mason,* for plaintiff.

*Marion Turner,* for defendant.

---

### 15793.    BRUNSON *v.* THE STATE.

BROYLES, C. J. 1. The defendant having been convicted of shooting at another, the failure of the court to charge the law of murder, or of justifiable homicide, ·or to define to the jury what constitutes murder, and justifiable homicide, presents no cause for another trial of the case.

2. Under all the particular facts of the case and the entire charge of the court, none of the alleged errors in the charge, either of commission or omission, requires a reversal of the judgment denying the motion for a new trial.

3. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 13, 1924.

Conviction of shooting at another; from Sumter superior court—Judge Littlejohn. June 21, 1924.

*J. A. Hixon, H. B. Williams,* for plaintiff in error.

*Jule Felton, solicitor-general,* contra.